IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JAMES BLACK**, on behalf of himself and others similarly situated, | : :   : |
| Plaintiff, | : CASE NO. : : JUDGE |
| v. | : : : MAGISTRATE JUDGE |
| **LANDMARK RECOVERY OF LOUISVILLE, LLC**, | : : **JURY DEMANDED** |
| Defendant. | : : |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff James Black ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective Action Complaint against Defendant Landmark Recovery of Louisville, LLC ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. This FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions giving rise to the claim occurred in the Middle District of Tennessee, Defendant conducts substantial business in the Middle District of Tennessee, and Defendant is subject to personal jurisdiction here because Defendant's principal place of business

is in the Middle District of Tennessee.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Oklahoma.

4. Named Plaintiff worked as a salaried, non-exempt employee of Defendant as defined in the FLSA primarily in the position of Intake Patient Engagement Specialist ("Intake PES") from approximately August 2021 to August 4, 2022.

5. Named Plaintiff had previously worked as an hourly, non-exempt employee of Defendant as a Patient Engagement Specialist ("PES") from August 2020 to August 2021.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties, such as providing direct care and support to Defendant's patients at Defendant's Landmark Recovery of Oklahoma City facility in Oklahoma City, Oklahoma.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

8. Landmark Recovery of Louisville, LLC is a foreign limited liability company that operates and conducts substantial business activities in Tennessee, including in the Middle District of Tennessee.

9. Defendant currently owns, operates, and manages a collection of addiction treatment centers throughout the United States.[1]

---

[1] Defendant's locations are in the following states: Colorado, Connecticut, Florida, Indiana, Kentucky, Massachusetts, Michigan, Nevada, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, and Wisconsin. LANDMARK RECOVERY, https://landmarkrecovery.com/locations/ (last visited Mar. 9, 2023).

Page **2** of **11**

Case 3:23-cv-00217     Document 1     Filed 03/10/23     Page 2 of 11 PageID #: 2

10. Defendant has registered numerous other entities to manage and operate its business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management, and common ownership and financial control. Defendant is a joint employer with and/or a single integrated enterprise of employees working at the various registered entities.

11. Specifically, Defendant serves as the "parent" entity for numerous other limited liability companies across the country, directing, managing, and controlling their business activities.

12. Upon information and belief, Defendant's corporate address is located at 720 Cool Springs Blvd., Suite 500, Franklin, Tennessee 37067.

13. Paystubs from Defendant's registered entities across the country list Defendant's same corporate address in Franklin TN rather than the individual location addresses. Although Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated employees are paid by one of Defendant's entities, Defendant is their "employer" because it is the parent company that operates the single integrated enterprise or otherwise functions as a joint employer.

14. Defendant frequently promotes itself as running, operating, and managing its various registered entities across the country.[2]

15. Defendant employed Named Plaintiff and other similarly situated Intake PESes at

---

[2] *See* Lindsey Tipton, *Governor Lee, Commissioner McWhorter Announce Landmark Recovery to Expand Headquarters Operations In Williamson County*, TENN. DEP'T OF ECON. & CMTY. DEV. (Oct. 31, 2022), https://tnecd.com/news/governor-lee-commissioner-mcwhorter-announce-landmark-recovery-to-expand-headquarters-operations-in-williamson-county/ ("Landmark works . . . to serve and oversee treatment facilities in Kentucky, Indiana, Nevada, Ohio, Oklahoma, and Tennessee."); Chassity Weakley, *9 Reasons to Work at Landmark Recovery*, LANDMARK RECOVERY (Aug. 24, 2022), https://landmarkrecovery.com/9-compelling-reasons-to-work-for-landmark-recovery/ ("We are a rapidly growing company that is adding passionate . . . employees to its numbers daily – and will continue to do so – as it expands nationwide in 2023"); Laura Lovett, *Landmark CEO's Ambitious Plans to Grow to 40 Facilities by 2023*, BEHAVIORAL HEALTH BUS. (July 14, 2022), https://bhbusiness.com/2022/07/14/landmark-ceos-ambitious-plans-to-grow-to-40-facilities-by-2023/ (wherein Defendant's CEO Matthew Boyle notes that the company plans to have 40 facilities by the end of 2023).

its facilities; specifically, Defendant employed Named Plaintiff at its Landmark Recovery of Oklahoma City facility in Oklahoma City, Oklahoma.

16. Defendant has authority to and does hire and fire employees, supervise and control the work schedules and conditions of employees, determines the rate and method of pay, and/or maintains employee records.

17. Defendant has registered multiple business entities as part of its enterprise.

18. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated Intake PESes at Defendant's facilities.

19. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and similarly situated Intake PESes' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and similarly situated employees.

20. Defendant suffered or permitted Named Plaintiff and similarly situated Intake PESes to perform work in excess of forty (40) hours in workweeks without paying them overtime compensation. Instead, Defendant only paid Named Plaintiff and similarly situated Intake PESes a salary regardless of how many hours they worked.

21. Upon information and belief, Defendant's primary function is to own and operate a single group of addiction treatment centers.

22. Defendant has substantial control over Named Plaintiff's and similarly situated Intake PESes' working conditions and over the unlawful policies and practices alleged herein.

23. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all Intake PESes at all of

Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages as well as overtime.

24. Defendant is an "employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and similarly situated Intake PESes because it operates a chain of communities and interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

25. Because the work performed by Named Plaintiff and similarly situated Intake PESes benefited Defendant and directly or indirectly furthered its interests, Defendant (in tandem with the specific, respective care facility at which the employee works/worked) is a joint employer of Named Plaintiff and similarly situated Intake PESes under the FLSA's broad definition of "employer."

26. Defendant has gross revenue that exceeds $500,000.00 per year.

27. At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated Intake PESes to perform work that resulted in missed and/or interrupted meal breaks even though it still deducted full meal breaks from these employees' work hours. The work that Named Plaintiff and similarly situated Intake PESes performed was for Defendant's benefit.

28. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

### III. FACTS

29. During all times relevant, Named Plaintiff and similarly situated Intake PESes are/were salaried, non-exempt employees who are entitled to overtime.

30. Specifically, Named Plaintiff was employed as an Intake Patient Engagement Specialist.

31. Named Plaintiff and similarly situated Intake PESes regularly worked in excess of forty (40) hours during the three (3) years immediately preceding the filing of this Complaint.

32. Despite regularly working more than forty (40) hours in a workweek, Defendant did not pay Named Plaintiff and similarly situated Intake PESes any overtime wages for the hours that they work in excess of forty (40) in a workweek.

33. Instead, Defendant misclassifies Named Plaintiff and similarly situated Intake PESes as exempt employees who are not entitled to overtime wages despite working overtime hours.

34. At all times relevant here, it has been Defendant's policy and/or practice to uniformly misclassify Named Plaintiff and other similarly situated direct care employees as exempt from federal and state overtime provisions and not to pay its Intake PESes any overtime wages.

35. Named Plaintiff and similarly situated Intake PESes primarily engage in non-exempt duties.

36. Named Plaintiff and similarly situated Intake PESes were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees as those terms are defined under the FLSA. Named Plaintiff and similarly situated Intake PESes do not qualify for any exemption from overtime pay.

37. Defendant did not properly compensate Named Plaintiff and similarly situated Intake PESes at the applicable overtime rate for all overtime hours worked.

38. At all relevant times, Defendant has suffered or permitted Named Plaintiff and similarly situated Intake PESes to work more than forty (40) hours per workweek while not compensating them overtime for all such hours worked over forty (40).

39. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

40. Defendant knowingly and willfully failed to pay Named Plaintiff and similarly situated Intake PESes as described herein.

41. Upon information and belief, for the three (3) years preceding this Complaint, Defendant applied the same pay practices and/or policies to all Intake PESes, including Named Plaintiff.

42. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and similarly situated Intake PESes is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

## IV.   FLSA COLLECTIVE ALLEGATIONS

43. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former Intake Patient Engagement Specialists of Defendant who worked in excess of forty (40) hours, beginning three (3) years before the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

44. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees. Named Plaintiff and the putative FLSA Collective Members are similarly situated under the FLSA because they were subjected to the companywide unlawful

payroll policies and/or practices described herein.

## V. CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

47. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

48. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

49. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

50. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all hours worked over forty (40) hours in a workweek because Defendant only paid Intake PESes a salary and misclassified them as exempt.

51. Named Plaintiff and the FLSA Collective Members were not exempt from receiving overtime compensation.

52. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

53. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

54. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

F. Awarding to Named Plaintiff and the FLSA Collective Members pre- and post-judgment interest to the fullest extent permitted under the law;

G. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper;

H. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## VII. JURY DEMAND

Named Plaintiff demands a jury as to all claims so triable.

Respectfully submitted,

/s/ David W. Garrison
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
David W. Garrison (TN Bar No. 24968)
Joshua A. Frank (TN Bar No. 33294)
Nicole A. Chanin (TN Bar No. 40239)
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Phone: 615-244-2202
Fax: 615-252-3798
Email: dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**COFFMAN LEGAL, LLC**
Matthew J.P. Coffman (OH Bar No. 0085586)*[3]
Kelsie N. Hendren (OH Bar No. 100041)*
Tristan T. Akers (OH Bar No. 0102298)*
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964

---

[3] *Pro Hac Vice application to be filed

Email: mcoffman@mcoffmanlegal.com
khendren@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*